UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No. 3:16-CR-83 JD

ANTHONY HUEY

**OPINION AND ORDER**

Defendant Anthony Huey is serving an 82-month term of imprisonment. His original sentence of 125 months was imposed in August 2017 for his conviction of the transportation of a minor with intent to engage in criminal sexual activity. [DE 156]. In July 2019, his sentence was reduced to 82 months. [DE 211]. He is currently housed at USP Terre Haute and is set to be released on August 11, 2022. On January 7, 2021, Mr. Huey filed a motion seeking a reduction in sentence for compassionate release due to the threat of the COVID-19 virus. [DE 213]. The Court referred his motion to the Federal Community Defenders Office, which determined that it is unable to assist Mr. Huey. [DE 214, 215]. Therefore, the Court will consider Mr. Huey's own submission. The government responded in opposition. [DE 219]. Mr. Huey has failed to file a reply.

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The application notes to the Sentencing Guidelines offer

some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1. Mr. Huey's counsel submitted a request for compassionate release or a reduction in sentence to the Warden of his facility on his behalf at least 30 days before Mr. Huey filed this motion with the Court, pursuant to § 3582(c)(1)(A). [DE 213 at 11–12]. The Warden denied Mr. Huey's request. *Id.* at 10. Accordingly, the Court reviews the merits of the motion.

First, the Court does not find that extraordinary and compelling reasons warrant compassionate release to home confinement or a reduction in sentence here. In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020); *see also United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic).

Mr. Huey is currently 37 years old. The Centers for Disease Control ("CDC") reports that the risk of severe illness from COVID-19 increases with age, and that while the greatest risk of severe illness is among those aged 85 or older, adults aged 65 and older have increased risk. Mr. Huey is far from this age range. Mr. Huey alleges that he suffers from high cholesterol. [DE 213 at 4]. However, Mr. Huey has not submitted any medical evidence to support this claim nor does his Presentencing Investigation Report indicate any physical health issues. [DE 144 ¶ 107]. Additionally, the CDC does not list high cholesterol as a condition that increases the risk of severe illness from COVID-19.[1] Lastly, the BOP has reported that it is in the process of distributing and administering the COVID-19 vaccine to staff and inmates under the guidance of the CDC. Based on weekly allocations of vaccines, all of the BOP's facilities are expected to receive their first dose by mid-February 2021.[2]

The BOP's records have USP Terre Haute currently reporting 15 inmates and 2 staff members as testing positive for COVID-19.[3] Tragically, there have been two inmate deaths at the facility. In his motion, Mr. Huey criticizes the way his facility has handled the virus. The Court recognizes the challenges faced by the pandemic within the BOP facilities, however, the BOP has implemented several precautions to help mitigate the spread. Of course, these precautions cannot guarantee that the number of positive inmates will not increase in the prison, and some prisons have experienced outbreaks despite those precautions, particularly as cases

---

[1] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, (last updated Feb. 3, 2021).
[2] *See COVID-19 Vaccination Efforts Commended*, Federal Bureau of Prison, https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp, (last updated Jan. 16, 2021). As of February 17, 2021, the BOP administered 47,829 doses of the COVID-19 vaccine.
[3] *See Covid-19 Coronavirus*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/, (last updated Feb. 17, 2021).

increased throughout the country. Thus, given all of these circumstances, the Court cannot find that extraordinary and compelling reasons warrant compassionate release or a sentence reduction. Section 3582(c) provides the only mechanism for modifying Mr. Huey's sentence to home confinement since the Court cannot control the BOP's placement decisions, and because he is not entitled to relief under that provision, the Court cannot grant that request.

Second, even if the above facts qualified as extraordinary and compelling reasons, the Court would still deny the motion based on its consideration of the § 3553(a) factors. In support of his motion, Mr. Huey asserts that he has successfully completed treatment and rehabilitative programs while incarcerated. Additionally, he has voluntarily enrolled in and completed several hours of Adult Continuing Education courses and working on positively transforming himself. [DE 213 at 5]. Mr. Huey is to be commended for the accomplishments he has made, which reflect well on his desire to improve his life upon his release. As positive as these factors are, however, there are several serious § 3553(a) factors that weigh against Mr. Huey's release. As Mr. Huey admits in his motion, the nature and circumstances of his instant offense was exceptionally serious, involving the sex trafficking of a minor. In addition to this instant offense, Mr. Huey has a very serious and extensive criminal history, which dates back to the age of fifteen. Since then, he has been serving terms of imprisonment or supervisions and committing new crimes almost continuously. These prior convictions include crimes relating to controlled substances, resisting law enforcement, an aggravated robbery, and promoting prostitution. [DE ¶¶ 30–68]. Additionally, Mr. Huey has a history of non-compliance with court ordered conditions of release, including committing the instant offense while on a term of supervision. Under those circumstances, the Court does not find that the § 3553(a) factors support Mr. Huey's compassionate release to home confinement or a reduction in sentence.

For those reasons, the Court DENIES Mr. Huey's motion for compassionate release to home confinement or reduction in sentence. [DE 213].

SO ORDERED.

ENTERED: February 22, 2021

                                              /s/ JON E. DEGUILIO  
                                              Chief Judge  
                                              United States District Court